IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| YOHAN WEBB,<br><br>              Plaintiff,<br><br>vs.<br><br>VIRGINIA PREY, Lt., Correctional Officer, Supervisor of The Records Dept. At The Lancaster County Dept. of Corrections, Individual and Official capacity; and UNKNOWN BY NAME,<br><br>              Defendants. | 4:22CV3106<br><br>**MEMORANDUM AND ORDER** |

Plaintiff, a state prisoner, filed his pro se Complaint on June 16, 2022. Filing No. 1. Plaintiff has been granted leave to proceed in forma pauperis and the requirement that the initial partial filing fee will be paid at the outset of the case was suspended. Filing No. 7 at CM/ECF p. 2. The court will now conduct an initial review of the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

**I. SUMMARY OF COMPLAINT**

Plaintiff alleges he is a pre-trial detainee at the Lancaster County Department of Corrections ("LCDC"). Defendant Virginia Prey, the only named defendant, is the records supervisor of the LCDC. Plaintiff also asserts claims against an unknown records clerk employed by LCDC. Plaintiff asserts either one of both Defendants failed to provide notice to Plaintiff that Plaintiff would be denied his right to bail and failed to release Plaintiff on bail from October 1, 2019, to December 4, 2019. Filing No. 1 at CM/ECF p. 12.

1

In October 2019, Plaintiff was detained with the LCDC. Plaintiff alleges that while detained with the LCDC, he was found incompetent to stand trial by a county court judge who ordered that Plaintiff be sent to the Lincoln Regional Center ("LRC"). Filing No. 1 at CM/ECF p. 12. The Court's independent review of Plaintiff's state court records reveals that although Plaintiff's bond was set at $5,000.00 ten percent on July 5, 2019, the County Court of Lancaster County, Nebraska determined Plaintiff was incompetent to stand trial on September 5, 2019, and committed him to the LRC for appropriate treatment until Plaintiff's disability could be removed.[1]

Although Plaintiff acknowledges he was committed to the LRC for rehabilitation, he implies that his right to bail was still in effect during the relevant period. Plaintiff's state court records reveal that during the period relevant to his Complaint—September 5, 2019, to December 4, 2019, Plaintiff made several pro se requests to post a bond, all of which were sent to Plaintiff's counsel. In October 2019, Plaintiff's friend, Brian Miller, attempted to post Plaintiff's $500 bond. Miller was informed by a LCDC records department employee that a court order prevented Plaintiff from bonding out. Plaintiff submitted multiple inmate request forms and was initially told "someone made a mistake." Filing No. 1 at CM/ECF p. 12.

Plaintiff alleges he is "similarly situated" to another LCDC pre-trial detainee named Matthew Heath. According to Plaintiff, Heath had been detained with the LCDC and had been found incompetent to stand trial. Heath was ordered to receive treatment

---

[1] *State v. Yohann Webb*, No. CR19-6354, County Court of Lancaster County, Nebraska. The court takes judicial notice of the state court records. See *Stutzka v. McCarville*, 420 F.3d 757, 761 n. 2 (8th Cir. 2005) (court may take judicial notice of public records); Federal Rule of Evidence 201 (providing for judicial notice of adjudicative facts). Nebraska's judicial records may be retrieved on-line through the JUSTICE site, https://www.nebraska.gov/justice/case.cgi.

at the LRC. Plaintiff alleges Heath was allowed to have bail posted in the amount of $2,500 and was released on March 30, 2022. Filing No. 1 at CM/ECF p. 12.

Construed liberally, Plaintiff's Complaint asserts that from September 5, 2019, to December 4, 2019, Defendant Prey was responsible for false information entered into the LCDC records system. Presumably, the "false information" was that a court order prevented Plaintiff from bonding out of jail. Plaintiff alleges Prey designated an unknown employee to enter false information into the system, knowing the information was false and incorrect. As relief, Plaintiff seeks damages and a declaration that the defendants violated his state and federal constitutional rights. Filing No. 1 at CM/ECF p. 16.

## II. STANDARDS ON INITIAL REVIEW

The Court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to

3


"nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

### III. ANALYSIS OF COMPLAINT

Liberally construing Plaintiff's Complaint, this is a civil rights action brought under 42 U.S.C. § 1983 to recover damages for alleged violations of Plaintiff's rights under the Fourth, Fifth, Eighth, and Fourteenth Amendment. Plaintiff also asserts Defendants violated the Equal Protection clause by permitting Heath to bond out while not allowing Plaintiff to do so. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute, and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### A. Fourth, Fifth, and Eighth Amendment Claims

Plaintiff has not alleged facts that support a § 1983 claim under the Fourth, Fifth, or Eighth Amendments. The Fourth Amendment protects "against unreasonable searches and seizures" of the person, U.S. Const. amen. IV, and encompasses the "traditional protections against unlawful arrest." Golberg v. Hennepin Cnty., 417 F.3d 808, 811 (8th Cir. 2005) (quoting Cnty. of Riverside v. McLaughlin, 500 U.S. 44, 60 (1991)). Plaintiff has not alleged facts that relate to the reasonableness of his arrest and immediate detention.[2] Instead, he argues Defendant knowingly entered false information to prevent Plaintiff's friend from posting a bond for Plaintiff's bail. The Fourth Amendment is not the proper avenue for such claims. See Golberg, 417 F.3d at 811. Accordingly, Plaintiff has not stated a § 1983 claim under the Fourth Amendment.

Plaintiff has not asserted a claim under the Fifth Amendment because a Fifth Amendment claim can only be brought against federal actors. Plaintiff alleges Defendants are employees of the LCDC. Plaintiff's only potential claim against Defendants arises under the Fifth Amendment's Due Process clause. The Due Process clause in the Fifth Amendment applies only to the federal government. See Dusenbery v. United States, 534 U.S. 161, 167 (2002) ("The Due Process Clause of the Fifth

---

[2] As noted below, the Eighth Circuit has traditionally analyzed claims for prolonged detention of a pretrial detainee under the Fourteenth Amendment rather than the Fourth Amendment. See, e.g., Lund v. Hennepin Cnty., 427 F.3d 1123, 1125–27 (8th Cir. 2005); Luckes v. Cnty. of Hennepin, 415 F.3d 936, 939 (8th Cir. 2005); see also Goldberg v. Hennepin Cnty., 417 F.3d 808, 811 (8th Cir. 2005) ("Our opinions cited the plaintiff's liberty interest in a timely release, which suggests that the right to release from initially lawful detention is based upon the substantive component of the Due Process Clause, rather than the Fourth Amendment."). However, the Supreme Court recently held "that the Fourth Amendment governs a claim for unlawful pretrial detention even beyond the start of legal process." Manuel v. City of Joliet, 137 S. Ct. 911, 920 (2017). Thus, there may be some question as to whether Plaintiff's claims should be addressed under the Fourth or Fourteenth Amendment. The Supreme Court explained "[i]f the complaint is that a form of legal process resulted in pretrial detention unsupported by probable cause, then the right allegedly infringed lies in the Fourth Amendment." Id. at 919. None of the allegations in Plaintiff's Complaint assert that Plaintiff's prolonged detention was the result of lack of probable cause. Accordingly, the Fourth Amendment is not the proper avenue to address Plaintiff's claims even after Manuel.

Amendment prohibits the United States, as the Due Process Clause of the Fourteenth Amendment prohibits the States, from depriving any person of property without due process of law."); *Warren v. Gov't Nat'l. Mortg. Ass'n*, 611 F.2d 1229, 1232 (8th Cir. 1980) (explaining that the Fifth Amendment's Due Process Clause applies to the federal government, while the Fourteenth Amendment's Due Process Clause applies to the States). Because Plaintiff's claims are not against federal government actors, the Fifth Amendment does not apply.

The Eighth Amendment does not apply to Plaintiff's claims as pled. "[T]he Eighth Amendment has no application until there has been a formal adjudication of guilt." *Walton v. Dawson*, 752 F.3d 1109, 1117 (8th Cir. 2014) (internal citation and quotation marks omitted). According to Plaintiff's claims, Defendant's alleged misconduct took place while Plaintiff was on pretrial detention. Thus, relevant to the Complaint, Plaintiff had not been formally found guilty so the Eighth Amendment would not apply.

In sum, no facts alleged in Plaintiff's Complaint support a claim under the Fourth, Fifth, or Eighth Amendments. "Claims alleging the excessive detention of one who has established the right to be released are typically analyzed under the Due Process Clause." *Golberg*, 417 F.3d at 811; *see also Foucha v. Louisiana*, 504 U.S. 71, 80 (1992); *United States v. Salerno*, 481 U.S. 739, 746-52 (1987). Because Plaintiff's claims, liberally construed, challenge his excessive detention due to Defendants' alleged misconduct, the Court turns to whether he has stated a claim under the Fourteenth Amendment's Due Process clause.

6

**B. Fourteenth Amendment Due Process Claim**

"[T]he Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Thus, Plaintiff must demonstrate that he has been deprived of a liberty interest to successfully claim that his Fourteenth Amendment right to due process has been violated. *See Persechini v. Callaway*, 651 F.3d 802, 806 (8th Cir. 2011) (citing *Sandin v. Conner*, 515 U.S. 472 (1995)). A liberty interest can arise out of the Due Process Clause itself or be state-created. *Id.* (citing *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989)).

The Court is unaware of any analogous case law involving a jail administrator who prevented a pretrial detainee from posting bond based on falsified records. However, courts in this circuit have recognized a liberty interest in being free from detention after bail was set. *Hazley v. Roy*, 378 F. Supp. 3d 751, 758 (D. Minn. 2019). The Eighth Circuit has held "the Due Process Clause of the Fourteenth Amendment protects an individual's liberty interest from unlawful state deprivation, such as where the state detains the individual after he is entitled to release." *Luckes v. Cnty. of Hennepin*, 415 F.3d 936, 939 (8th Cir. 2005). To support such a claim, Plaintiff will have to allege Defendants were "deliberately indifferent" to his liberty interest. *See id.* To adequately allege deliberate indifference to an individual's constitutional rights, a complaint's allegations, if true, must "shock the conscience" under the totality of the circumstances. *See id.*

Even construed liberally, Plaintiff's allegations are insufficient to survive initial review under the Fourteenth Amendment Due Process clause. Plaintiff claims Prey or an employee assigned by Prey detained him even after he was entitled to bail by either falsifying a court order or somehow falsifying internal jail records. However, the state court records for Plaintiff's case show that on September 5, 2019, the Lancaster County Court determined Plaintiff was incompetent to stand trial and committed him to the LRC for treatment. Nothing in the court record suggests Defendant Prey or an unknown records clerk had the authority to process bail or that Plaintiff was entitled to bail during the relevant period. Further, the county court records show Plaintiff filed several pro se requests for personal recognizance bond from September 5, 2019, through December 4, 2019. These requests undercut Plaintiff's assertion that he believed he was entitled to bail in October 2019. Under the totality of the circumstances, including the county court's commitment order and Plaintiff's numerous bond reduction requests shown in the county court docket, Plaintiff's allegations do not support a claim that Defendants were deliberately indifferent to any right to bail or that their actions shocked the conscience. Cf. *Salem v. City of New York*, 811 F. App'x 678, 683 (2d Cir. 2020) ("It is not conscience-shocking for an officer to decline to respond to . . . an inquiry from an inmate [about his bail status] or to enforce the criminal court's orders of detention."). Accordingly, Plaintiff has not stated a claim under the Fourteenth Amendment Due Process clause.

### C. Fourteenth Amendment Equal Protection Claim

Plaintiff also alleges that he was denied equal protection because he was denied bail while a similarly situated inmate was granted bail. The Equal Protection Clause of

the Fourteenth Amendment provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. "The Equal Protection Clause generally requires the government to treat similarly situated people alike." *Klinger v. Dep't of Corr.*, 31 F.3d 727, 731 (8th Cir. 1994) (citing *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985)).

> Dissimilar treatment of dissimilarly situated persons does not violate equal protection. Thus, the first step in an equal protection case is determining whether the plaintiff has demonstrated that she was treated differently than others who were similarly situated to her. Absent a threshold showing that she is similarly situated to those who allegedly receive favorable treatment, the plaintiff does not have a viable equal protection claim.

*Id.* (citations omitted). "[E]qual protection claims [may be] brought by a 'class of one,' where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). As quoted in Plaintiff's Complaint, "[t]o be similarly situated for purposes of a class-of-one equal-protection claim, the persons alleged to have been treated more favorably must be identical or directly comparable to the plaintiff in all material respects." Filing No. 1 at CM/ECF p. 15 (quoting *Robbins v. Becker*, 794 F.3d 988, 996 (8th Cir. 2015)).

Although Plaintiff claims he has been denied equal protection of the laws, the Court cannot determine whether he has been treated differently from a similarly situated inmate. His only allegations to support this claim are that both he and Matthew Heath were inmates with the LCDC and both were committed to the LRC after being found incompetent to stand trial, but Heath was granted bail while Plaintiff was not. These allegations fail to state sufficient facts to show Plaintiff and Heath were directly comparable in all material respects. Absent more specific facts about Heath's case, it is

impossible to determine whether he and Plaintiff were similarly situated. Accordingly, Plaintiff has not stated a viable equal protection claim. *See, e.g., Barber v. Frakes*, No. 8:20CV282, 2020 WL 6047720, at *5 (D. Neb. Oct. 13, 2020) (finding on initial review that prisoner's complaint alleged no facts to show dissimilar treatment). The Court will permit Plaintiff to amend his Complaint to allege facts explaining how he is similarly situated in all material respects to Heath.

## V. MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff also filed a motion seeking the appointment of counsel. Filing No. 8. However, the court cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel. . . . The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel . . . ." *Id.* (quotation and citation omitted). No such benefit is apparent here. The request for the appointment of counsel is therefore denied without prejudice.

## VI. CONCLUSION

Plaintiff's Complaint fails to state a claim upon which relief may be granted. However, the Court on its own motion will give Plaintiff 30 days in which to file an amended complaint on his equal protection claim, consistent with this Memorandum and Order.

IT IS THEREFORE ORDERED:

1. Plaintiff shall have 30 days to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint

      within the time specified by the Court will result in the Court dismissing this case without further notice to Plaintiff. In his amended complaint, Plaintiff must comply with federal pleading requirements.

2. In the event Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the Complaint, Filing No. 1, and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, his prior pleadings.

3. The Court reserves the right to conduct further review of Plaintiff's claims in the event he files an amended complaint.

4. The Clerk of the Court is directed to set a pro se case management deadline using the following text: **September 12, 2022**—amended complaint due.

5. Plaintiff's motion to appoint counsel, Filing No. 8, is denied without prejudice to reassertion.

Dated this 15th day of August, 2022.

                                                          BY THE COURT:

                                                          s/ Joseph F. Bataillon
                                                          Senior United States District Judge